UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER WOODS,

                      Plaintiff,

    -against-

Doctor PAMELA LEVINE (Hand Surgeon),
SUNY Downstate Medical Center, University
Hospital of Brooklyn; CEO DEBRA CAREY,
President JOHN E. LAROSA; Brookdale
University Hospital & Medical Center, CEO/
President DAVID ROSEN; Director of Medical
Treatment JOHN DOE,

                      Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
10-CV-3588 (KAM)

**DOCKET & FILE**

MATSUMOTO, United States District Judge:

On July 30, 2010, plaintiff Christopher Woods, currently incarcerated at Wallkill Correctional Facility, commenced this *pro se* action against defendants alleging violations under 42 U.S.C. § 1983. He seeks over $3 million in damages. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. The complaint is dismissed for the reasons set forth below.

## Background

Plaintiff alleges that on September 25, 2007, he was "shot four (4) times, once in the back of his left leg, once in the left side of his chest and twice in his left arm." Compl. at 3, 5. "Thereafter, Plaintiff was taken to Brookdale University Hospital & Medical Center" where he "was treated with limited medical care" and released the following day with "nothing medically done." Id. Later, plaintiff went to SUNY Downstate Medical Center where he alleges that Dr. Levine botched the surgery to his hand and left him disfigured. Id. at 7–9. None of these events occurred while he was a prisoner. Id. at 3.

## Discussion

A.  Standard of Review

As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

B.  Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (also known as the "state action" requirement of § 1983). This requirement excludes from the reach of § 1983 private conduct, "however discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.

Here, the complaint fails against the Brookdale Hospital defendants because none of them are state actors as required for liability under 42 U.S.C. § 1983; see generally Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156-60 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172-75 (1972). As all the Brookdale Hospital defendants are private parties, any claim under 42 U.S.C. § 1983 is not cognizable and must, therefore, be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, to the extent that the SUNY Downstate Medical defendants are employed by the State, there is no claim arising under § 1983 since medical malpractice is a matter of state law. Sha (Engelhardt) v. Memorial Sloan Kettering Cancer Center, 29 Fed. Appx. 788, 789, 2002 WL 433347, at * 1 (2d Cir. 2002); see also Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985) ("a violation of state law is not cognizable under § 1983").

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The state law claims are dismissed without prejudice. Plaintiff's application for counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis status* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/S/
_____
Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
August 23, 2010